1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  KIMBERLY A. BLISS, State Bar #207857
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3861
6  Facsimile:     (415) 554-3837
   E-Mail:         kimberly.bliss@sfgov.org

7

8  Attorneys for Defendants CITY AND COUNTY
   OF SAN FRANCISCO AND HEATHER FONG

9

10

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13  TELITHA BALL, DESSIA              CASE NO.: 08-02831 EMC
    PATTERSON, a minor, TELITHA
14  PATTERSON, a minor, by and through  **ANSWER OF DEFENDANT HEATHER**
    their Guardian ad litem, TELITHA BALL,  **FONG (IN HER INDIVIDUAL CAPACITY)**
15
                 Plaintiffs,            **DEMAND FOR JURY TRIAL**
16
           vs.                         Removal Date:     June 6, 2006
17                                     Trial Date:       Not Set
    CITY AND COUNTY OF SAN
18  FRANCISCO, EARNEST FERRANDO,
    EDWARD YU, MICHAEL BROWNE,
19  JAMERSON PON, JOHN
    GREENWOOD, DOUGLASS FARMER,
20  WENDELL JONES, SEAN GRIFFIN,
    REESE BURROWS, MICHAEL
21  NELSON, JOHN SYME, DAVID DO,
    KEVIN MURRAY, MATTHEW
22  MASON, KEVIN CHIN, HEATHER
    FONG, and DOES 1 to 30,
23
                 Defendants.
24

25

26

27          Defendant SFPD Chief Heather Fong (in her individual capacity) ("Defendant") responds to

28  Plaintiff's unverified First Amended Complaint (filed on 2/21/2008) as follows:

ANSWER OF DEF. FONG (INDIV. CAPACITY)          1                     n:\lit\li2008\081285\00490030.doc
CASE NO.  08-02831 EMC

**I**

1.     With respect to the allegations contained in the paragraph at page 2, lines 4-12, Defendant admits that defendants Earnest Ferrando, John Greenwood, Edward Yu, Michael Browne, John Syme, Jamerson Pon, Douglass Farmer, Wendell Jones, Sean Griffin, Reese Burrow, Michael Nelson, David Do, Matthew Mason, Kevin Murray and Kevin Chin were employed by the City and County of San Francisco as police officers and were acting under color of law at the times mentioned in the complaint.

2.     With respect to the allegations contained in the paragraph at page 2, lines 13-14, Defendant admits such allegations.

3.     With respect to the allegations contained in the paragraph at page 2, lines 15-17, Defendant admits such allegations.

4.     With respect to the allegations contained in the paragraph at page 2, lines 18-21, Defendant lacks sufficient information to either affirm or deny these allegations and, on that basis, they are denied.

5.     With respect to the allegations contained in the paragraph at page 2, lines 22-23, Defendant lacks sufficient information to either affirm or deny these allegations and, on that basis, they are denied.

6.     With respect to the allegations contained in the paragraph at page 2, line 24 through page 3, line 2, Defendant lacks sufficient information to either affirm or deny these allegations and, on that basis, they are denied.

**II**

7.     With respect to the allegations contained in the paragraph at page 3, lines 4-12, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

8.     With respect to the allegations contained in the paragraph at page 3, lines 13-15, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

9.      With respect to the allegations contained in the paragraph at page 3, lines 16-20, Defendant admits that officers stopped Plaintiff Telitha Ball while in her vehicle and detained her for a period of time.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

10.     With respect to the allegations contained in the paragraph at page 3, lines 21-26, Defendant admit that Plaintiff Telitha Ball was detained for more than one hour.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

11.     With respect to the allegations contained in the paragraph at page 3, line 27 through page 4, line 4, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

12.     With respect to the allegations contained in the paragraph at page 4, lines 5-9, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

13.     With respect to the allegations contained in the paragraph at page 4, lines 10-12, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

14.     With respect to the allegations contained in the paragraph at page 4, lines 13-23, Defendant admits that Plaintiff Telitha Ball provided SFPD officers with consent to search her residence, but denies that such permission was given under duress.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

15.     With respect to the allegations contained in the paragraph at page 4, lines 24 through page 5, line 4, Defendant admits that Plaintiff Telitha Ball was detained in part to preclude her from notifying individuals believed to be in her home of the SFPD's intent to conduct a search of probation search of her home.  Defendant further admits that the officers had reasonable cause to believe that an occupant of the vehicle driven by Plaintiff attempted to warn the occupants of Plaintiff's home of the

likelihood of the probation search.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

16.    With respect to the allegations contained in the paragraph at page 5, lines 5-13, Defendant admits that the SFPD forcibly entered the premises, causing some damage to a security gate and a door.  Defendant also admits that two minor girls were on the premises at the time of the police search.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

17.    With respect to the allegations contained in the paragraph at page 5, lines 14-18, Defendant admits that the SFPD officers entered the home shortly after midnight.  As to the remaining allegations of this paragraph, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

18.    With respect to the allegations contained in the paragraph at page 5, lines 19-22, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

19.    With respect to the allegations contained in the paragraph at page 5, lines 23-27, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

20.    With respect to the allegations contained in the paragraph at page 5, line 28 to page 6, line 5, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations..

21.    With respect to the allegations contained in the paragraph at page 6, lines 6-9, Defendant specifically denies such allegations.

22.    With respect to the allegations contained in the paragraph at page 6, lines 10-16, Defendant admits that the officers identified were each present at the scene of the incident.  As to the remaining allegations of the complaint, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

### III
### First Cause of Action

23.    With respect to the allegations contained in the paragraph at page 6, lines 19-25, Defendant specifically denies such allegations.

24.    With respect to the allegations contained in the paragraph at page 6, line 26 through page 7, line 2, Defendant specifically denies such allegations.

25.    With respect to the allegations contained in the paragraph at page 7, lines 3-4, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

### IV

### Second Cause of Action

### Monnel (sic) Liability

26.    With respect to the allegations contained in the paragraph at page 7, lines 8-9, Defendant incorporates her prior responses.

27.    With respect to the allegations contained in the paragraph at page 7, lines 10-12, Defendant specifically denies such allegations.

28.    With respect to the allegations contained in the paragraph at page 7, lines 13-16, Defendant specifically denies such allegations.

29.    With respect to the allegations contained in the paragraph at page 7, lines 17-20, Defendant specifically denies such allegations.

30.    With respect to the allegations contained in the paragraph at page 7, lines 21-22, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

### V

### Third Cause of Action

### Supervisor Liability

31.    With respect to the allegations contained in the paragraph at page 7, lines 26-27, Defendant incorporates her prior responses.

32.     With respect to the allegations contained in the paragraph at page 7, line 28 to page 8, line 5, Defendant admits that she is the Chief of Police for the City of San Francisco.  As to remaining allegations of this paragraph, Defendant lacks personal knowledge on which to admit or deny such allegations, and on that basis they are denied.

33.     With respect to the allegations contained in the paragraph at page 8, lines 6-10, Defendant specifically denies such allegations.

34.     With respect to the allegations contained in the paragraph at page 8, lines 11-14, Defendant specifically denies such allegations.

35.     With respect to the allegations contained in the paragraph at page 8, lines 15-16, Defendant either: 1) lacks personal knowledge on which to admit or deny such allegations; or 2) specifically denies such allegations.

36.     With respect to the allegations contained in the paragraph at page 8, lines 18-25, Defendant denies that Plaintiffs have been damaged in any sum or at all as consequence of any action by defendants, or the agents or employees of defendants, deny that Plaintiffs are entitled to any relief at all, and deny any wrongdoing.

## SEPARATE AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against these defendants.

## SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent in and about the matters and activities alleged in the complaint; that said negligence contributed to and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs ire entitled to recover damages against these defendants, then defendants pray that the recovery be diminished or extinguished by reason of the negligence of plaintiffs in proportion to the degree of fault attributable to plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

(Contribution)

Defendants allege that the fault of persons other than these defendants contributed to and proximately caused the occurrence; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, these defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that these defendants' ultimate liability be reduced to the extent of such contribution.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendants allege that the complaint and each and every cause of action therein is barred by the statutes of limitations, including without limitation Government Code section 945.6 and California Code of Civil Procedure section 335.1.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because plaintiffs failed to use reasonable diligence to mitigate their alleged damages, and said failure bars or reduces the recovery, if any, from these answering defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering defendants was not the proximate cause of plaintiffs' alleged injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

Defendants state that plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and defendants are entitled to equitable and statutory indemnity from such third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

(Violation of Penal Code §834a)

Defendants allege that Plaintiff were under a duty pursuant to §834(a) of the California Penal Code to refrain from using force to resist their detention and/or arrest; that Plaintiffs breached this duty even though they knew or by the exercise of reasonable care should have known that they were being detained and/or arrested by a police officer; and that as a direct result of Plaintiffs' breach of this duty, Plaintiffs are barred from recovering any loss or damage they may have incurred.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to State A Claim Under *Monell*)

Defendants allege that the Complaint fails to state a federal civil rights claim against Defendants under the doctrine announced in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE**

(Immunity - Barred by Tort Claims Act and Penal Code)

To the extent it attempts to state claims under California law, the complaint is barred by the provisions and immunities of the California Tort Claims Act, without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8; and California Penal Code Sections 148, 409, 834a, 834, 835, 835a, 836, and 849.  Under California law, these defendants are liable only pursuant to statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Comply With Claims Requirements—Presentation of All Claims)

Plaintiffs were required to present any and all state claims against the defendants in the form of a timely government claim.  To the extent the complaint attempts to state any claims under

California law, the complaint fails to state a cause of action and is accordingly barred pursuant to the California Government Code, including but not limited to Government Code Sections 905.2, 911.2 and 945.4.

### TWELFTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

By reason of Plaintiff's own acts and omissions, Plaintiffs are barred by the equitable doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive relief from Defendants by reason of the allegations set forth in Plaintiffs' complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Defendants are immune from liability for exemplary damages herein pursuant to the provisions of Section 818 of the California Government Code and federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Violation of Penal Code)

Defendants allege that Plaintiffs violated certain provisions of the California Penal Code, and that Plaintiffs voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating the California Penal Code.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Careless, Reckless, Wanton and Negligent Acts)

At all times mentioned in the complaint, the plaintiffs acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Release)

Plaintiffs have released defendants of liability.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorneys' fees) against plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSES**

(Probable Cause)

Defendants had reasonable and/or probable cause to detain, restrain and/or arrest Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants allege that the action complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S.Ct. 3034 (1984), and related cases.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Self-Defense and Defense of Others)

Defendants alleges that if in fact any force was used against plaintiffs, such force was the lawful exercise of the right of self-defense and defense of the public, and any recovery pursuant to said use of force is barred.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

///

///

///

///

///

///

1   WHEREFORE, Defendant prays for judgment as follows:

2       1.   That plaintiffs take nothing from Defendant;

3       2.   That the complaint be dismissed with prejudice;

4       3.   That Defendants recover costs of suit herein, including attorneys' fees; and

5       4.   For such other relief as is just and proper.

6

7   Dated:  June 11, 2008

8                                        DENNIS J. HERRERA
                                         City Attorney
9                                        JOANNE HOEPER
                                         Chief Trial Attorney
10                                       KIMBERLY A. BLISS
                                         Deputy City Attorney
11

12

                                    By:  /s/ Kimberly A. Bliss
13                                       KIMBERLY A. BLISS

14                                       Attorneys for Defendants
                                         CITY AND COUNTY OF SAN FRANCISCO
15                                       AND HEATHER FONG

16

17                            **JURY TRIAL DEMAND**

18       Defendant demands a trial by jury on all causes of action and all defenses.

19  Dated:  June 11, 2008

20                                       DENNIS J. HERRERA
                                         City Attorney
21                                       JOANNE HOEPER
                                         Chief Trial Attorney
22                                       KIMBERLY A. BLISS
                                         Deputy City Attorney
23

24

                                    By:  /s/ Kimberly A. Bliss
25                                       KIMBERLY A. BLISS

26                                       Attorneys for Defendants
                                         CITY and COUNTY OF SAN FRANCISCO AND
27                                       HEATHER FONG

28

ANSWER OF DEF. FONG (INDIV. CAPACITY)          11          n:\lit\li2008\081285\00490030.doc
CASE NO.  08-02831 EMC