```
 1  Gregory M. Haynes, Esq.
 2  SBN: 111574
    2443 Fillmore, #194
 3  San Francisco, CA 94115
 4   (415) 546-0777
 5
    Attorney for Plaintiffs
 6   Telitha Ball, et. al.
 7
                UNITED STATES DISTRICT COURT
 8
              NORTHERN DISTRICT OF CALIFORNIA
 9
10  Telitha Ball, et. al.,
11       Plaintiffs
                              Action No. 08-02831-MHP
12
13                            Notice of Motion for Order
                              Remanding the Case to
14                            State Court and for an
15                            Order for payment of Costs
                               And attorney fees
16
17  City and County of             DATE:  Aug 11, 2008
18  San Francisco, et al.          TIME:  2:00p.m.
         Defendants                PLACE: Courtroom 15
19                                 Judge:
20                                 Hon. Marilyn H. Patel
21
22   _____/
23
24      Notice is hereby given that plaintiffs herein will
25  move this court  on Aug 11, 2008 at 2:00p.m. in
26  Courtroom 15 for an order remanding the above matter to
27  state court.   Plaintiffs will also seek an order
28
```

1

requiring defendants City and County of San Francisco to pay costs and attorney fees.

The motion will be made on the basis that the notice of removal is defective.  28 U.S.C. 1446, 28 U.S.C. 1447.

The motion will be based on the points and authorities filed herewith, the declaration of Gregory M. Haynes, the file herein and on such other information as may be development at the hearing herein.

**Memorandum of Points and Authorities**

I

THE COURT SHOULD REMAND THE MATTER TO
STATE COURT BECAUE THE REMOVAL IS
PROCEDURALLY DEFECTIVE

This is a motion to remand this matter to state court as a result of a procedurally defective removal.

On June 6, 2008, Defendants City and County of San Francisco and Police Chief Heather Fong, in her official capacity, removed this matter to federal court from state court.

On May 19, 2008, defendant Earnest Ferrando was served with First Amended Complaint and summons in this matter.

The notice of removal does not explain why all the defendants in the matter have not jointed in the removal.

2

A notice of removal that does not explain why all the defendants have not joined in the removal is defective. <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>(9th Cir 1999) 167 F3d 1261, 1266.

All defendants who have been served prior to the removal must join in the removal. <u>Parrino v. FHP, Inc</u> (9th Cir 1998) 146 F3d 699.

Defendant Earnerst Ferrando did not join the removal within 30 dasy of May 19, 2008, and, in fact, has still not joined in the removal.

Since all defendants who have been served with the summons and first amended complaint in the state court action did not joint the removal (<u>Parrino v. FHP, Inc</u> (9th Cir 1998) 146 F3d 699) and because the notice of removal does not explain why all the defendants have not joined in the removal (<u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u> (9th Cir 1999) 167 F3d 1261, 1266), the removal from state court was procedural defective.

A motion to remand must be filed within 30 days after the filing of the notice of removal. 28 U.S.C. 1447 (c).

Accordingly, as this motion is made within 30 days of the filing of the notice of removal and the removal is defective, this court must remand the matter to state court. 28 U.S.C. 1447 (c). (<u>Prize Frize, Inc. v. Matrix In</u> (9th Cir 1999) 167 F3d 1261, 1266)

THE COURT   ORDER THE PAYMENT
OF COSTS AND ATTORNEY FEES

When a matter is remanded to state court, the remand order may require the payment of just costs and expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. 1447 (c).

In the current matter, the notice of removal is clearly defective.  There is no explanation as to why ll defendants have not joined the motion.  Indeed, even after advising defense counsel of the defect, the defect was not cured.  Further,  this motion is necessary as the defense counsel would not agreed to waive time to file a motion to remand, failed to agree upon an stipulation and appears to be planning to file yet another notice of removal.

According, plaintiffs request costs and attorney fees  in the amount of  $2400.00 as set forth in the declaration of Gregory M. Haynes, which have been incurred as a result of the improper removal.

CONCLUSION

Since the removal is procedurally defective, this court should order the matter remanded to state court and require payment of the costs incurred as a result of the removal.

4

1  DATED:                           _____
2                                    Gregory M. Haynes
                                     Attorney for Plaintiffs
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28