1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  KIMBERLY A. BLISS, State Bar #207857
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3861
6  Facsimile:    (415) 554-3837
   E-Mail:        kimberly.bliss@sfgov.org
7

8  Attorneys for Defendants CITY AND COUNTY
   OF SAN FRANCISCO, HEATHER FONG AND
9  ERNEST FERRANDO

10

11                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA
12

13  TELITHA BALL, DESSIA                    CASE NO.: 08-2831 MHP
    PATTERSON, a minor, TELITHA
    PATTERSON, a minor, by and through      **DEFENDANT'S OPPOSITION TO**
14  their Guardian ad litem, TELITHA BALL,  **PLAINTIFF'S REQUEST FOR**
                                            **PAYMENT OF COSTS AND**
15              Plaintiffs,                  **ATTORNEY FEES RE MOTION TO**
                                            **REMAND**
16         vs.

17  CITY AND COUNTY OF SAN                   Date:        August 11, 2008
    FRANCISCO, EARNEST FERRANDO,            Time:        2:00 p.m.
18  EDWARD YU, MICHAEL BROWNE,              Place:       Crtrm. 15
    JAMERSON PON, JOHN                       Judge:       Hon. Marilyn H. Patel
19  GREENWOOD, DOUGLASS FARMER,
    WENDELL JONES, SEAN GRIFFIN,
20  REESE BURROWS, MICHAEL                   Removal Date:   June 6, 2008
    NELSON, JOHN SYME, DAVID DO,           Trial Date:     Not Set
21  KEVIN MURRAY, MATTHEW
    MASON, KEVIN CHIN, HEATHER
22  FONG, and DOES 1 to 30,

23              Defendants.

24

25

26

27

28

n:\lit\li2008\081285\00498145.doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Plaintiffs have filed a completely unnecessary Motion to Remand. As Plaintiffs concede in their Motion papers, when the removing defendants (the City and County of San Francisco and Police Chief Heather Fong) learned that another defendant had been personally served but had not joined in the removal, the Defendants offered to stipulate to remand. Indeed, defense counsel even drafted a proposed Stipulation and Order For Remand for Plaintiffs' counsel's approval. Plaintiffs' counsel, however, demanded unreasonable language changes and then stopped communicating with defense counsel.

Accordingly, defendants do not oppose the Motion to Remand, but do oppose Plaintiff's request for attorneys' fees and costs. Not only was this Motion to Remand completely unnecessary, Supreme Court precedent mandates that attorneys' fees are not to be awarded unless the removal was unreasonable. Because the removing defendants believed that they were only defendants served with the summons and complaint at the time of removal, their removal was reasonable.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

On February 20, 2008, plaintiffs filed a complaint in the Superior Court in and for the City and County of San Francisco, Case No. 08-472360 (the "State Court Case"). No summons was issued and such complaint was not served on defendants.

On February 21, 2008, plaintiffs Telitha Ball, Dessia Patterson, a minor, and Telitha Patterson, a minor, by and through their guardian ad litem Telitha Ball, filed a First Amended Complaint against defendants City and County of San Francisco, Earnest Ferrando, Edward Yu, Michael Browne, Jamerson Pon, John Greenwood, Douglass Farmer, Wendell Jones, Sean Griffin, Reese Burrows, Michael Nelson, John Syme, David Do, Kevin Murray, Matthew Mason, Kevin Chin, Heather Fong and Does 1 to 30, in the State Court Case.

On June 6, 2008, Defendants City and County of San Francisco (the "City") and Heather Fong (in her official capacity) removed this case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(a) & (b), on grounds that the First Amended Complaint stated *federal* claims pursuant to 28 U.S.C. §1983 (for violation of Plaintiffs' federal constitutional rights) and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). At the time of removal, Defendants

1   City and Fong believed they were the only defendants to have been served the Summons and First

2   Amended Complaint, and so indicated in their Notice of Removal.  (*See* Docket entry No. 1 ["Notice

3   of Removal"].)  The removing defendants reasonably believed that they were the only defendants to

4   have been served because—as of the date of removal—none of the individual defendants had

5   informed the SFPD Legal Department that they had received service of the summons and complaint,

6   as they are required to do by the General Orders of the SFPD.  (Declaration of Kimberly Bliss In

7   Support Of Opposition , ["Bliss Decl."] ¶2.)

8          On June 10, 2008, defense counsel received a letter from Plaintiffs' counsel contending that

9   Police Chief Heather Fong had been served in her individual capacity and that all the individual

10  defendants needed to join in the removal because they were "otherwise in receipt" of the complaint

11  because the City Attorneys' office is sometimes given permission to accept service on behalf of

12  individual officers.  (Bliss Decl., ¶3 & Ex. A.)  Defense counsel responded the very next day (July 11,

13  2008), informing Plaintiffs' counsel that Chief Fong had **not** been individually served and that,

14  pursuant to Supreme Court precedent, the other defendants did not need to join in the removal unless

15  they were formally served.  (*Id*. & Ex. B.)

16         On June 11, 2008, counsel for both parties spoke on the phone.  Plaintiffs' counsel reiterated

17  his position that all defendants needed to join in the removal and that Chief Fong was served in her

18  individual capacity.  (Bliss Decl. ¶4.)  Defense counsel disagreed, and wrote a letter on June 11, 2008

19  confirming the conversation.  (*Id*. & Ex. C.)  At no time during the conversation did Plaintiffs'

20  counsel indicate that he had personally served Lt. Ferrando on May 19, 2008.  (*Id*.)

21         Despite knowing that Lt. Ferrando had been served on May 19, 2008, Plaintiffs' counsel did

22  not challenge defense counsel's repeated assertions (in correspondence and on the phone) that none of

23  the individual defendants had been served.  (Bliss Decl. ¶5.)  Nor did he file a proof of service

24  indicating that Lt. Ferrando had been served.  (*Id*.)  Instead, he wrote a letter on June 19, 2008—one

25  day after the time period for Lt. Ferrando to file a notice of joinder in the removal—to inform defense

26  counsel for the first time that Lt. Ferrando had been served and the removal was according

27  procedurally defective.  (*Id*. & Ex. D.)

28

1    Shortly therefater, defense counse was able to reach Lt. Ferrando and verify that he had been

2    personally served on May 19, 2008.  (Bliss Decl. ¶6.)  Accordingly, on Thursday, June 26, 2008, Lt.

3    Ferrando filed an Answer.  (*Id*.)  That same day, Plaintiffs' counsel and defense counsel met and

4    conferred telephonically regarding the potential remand of this case.  (*Id*.)  Defense counsel informed

5    Plaintiffs' counsel that the defendants would stipulate to remand.  (*Id*.)  Accordingly, defense counsel

6    drafted a Stipulation and [Proposed] Order to Remand, which was emailed to Plaintiffs' counsel on

7    June 26, 2008.  (*Id*. & Exs. E & F.)

8    On June 27, 2008, the parties exchanged a series of emails in which they discussed the

9    substance of the stipulation.  (Bliss Decl. ¶7.)  More specifically, Plaintiffs' counsel requested:  1) that

10   Defendants' waive the 30-day limit for filing a Motion to Remand; 2) that the stipulation be changed

11   to reflect that Plaintiffs had served Chief Fong in both her official and individual capacity, but that

12   the Chief did not file a Notice of Joinder in the removal in her individual capacity; and 3) that

13   Defendants represent whether or not it would be proper for the remaining defendants to file Notices

14   of Removal.  (*Id*. & Ex. F.)  Defendants refused to make these changes because:  1) there was no need

15   to waive the 30-day limit because the parties were stipulating to remand; 2) Plaintiff was simply

16   factually incorrect that Plaintiffs had served Chief Fong in both her official and individual capacity

17   requiring her to file a notice of joinder in the removal in her individual capacity; and 3) the

18   Stipulation to Remand was not the proper place to indicate whether a future removal (based on

19   unknown facts and circumstances) would be proper.  (*Id*.)  Nonetheless, defendants indicated their

20   continuing willingness to stipulate to remand.  (*Id*.)

21   Because defendants did not receive a response to their final email on June 27, 2008, defense

22   counsel sent an email to Plaintiff's counsel on July 1, 2008 asking for a response and indicating that I

23   would be out of the office July 3-6, 2008.  (*Id*. ¶8 &  Ex. F.)  Plaintiffs' counsel never responded to

24   defendants' July 1, 2008 email by phone or correspondence, and instead filed the instant Motion to

25   Remand on July 7, 2008.  (*Id*.)

26

27

28

**ARGUMENT**

**I.    THE REMOVAL WAS REASONABLE BECAUSE THE REMOVING DEFENDANTS WERE INFORMED AND BELIEVED THEY WERE THE ONLY DEFENDANTS WHO HAD BEEN SERVED WITH THE SUMMONS AND COMPLAINT**

Plaintiffs contends that Notice of Removal was improper because the Notice of Removal "does not explain why all the defendants have not joined in the removal." (Motion at 3:15-17.) Plaintiffs are wrong. The Notice of Removal clearly stated that only the City and Chief Fong joined in the Notice of Removal because "The City and County of San Francisco and Police Chief Heather Fong (in her official capacity) are the only defendants that have been served the Summons and First Amended Complaint in the pending action." (Bliss Decl. Ex. A at ¶6.) Defendants who have not been formally served are not required to join in removal. *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). Because the Complaint states *federal* claims, and because Defendants City and Chief Fong believed that no other defendants had been served, their Notice of Removal was reasonable.

**II.    PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS SHOULD BE DENIED BECAUSE DEFENDANTS' REMOVAL WAS REASONABLE AND PLAINTIFFS' COUNSEL ENGAGED IN GAMESMANSHIP**

Plaintiffs request attorney's fees and costs pursuant to 28 U.S.C. §1447(c).

The standard for awarding attorneys' fees under Section 1447(c) turns on the reasonableness of the removal. *Martin v. Franklin Capitol Corp*., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorneys' fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied."); *see also Altavion, Inc. v. Konica-Minolta Systems Laboratory, Inc.*, 2008 WL 2020593, *8-9 (N.D. Cal. May 8, 2008) (granting motion to remand but denying attorneys' fees because "defendants had an objectively reasonable basis for removing").

Here, as explained above, the defendants' removal was reasonable. At the time defendants removed, they were informed and believed that they were the only defendants who had been served.

1  Moreover, when informed that the removal was improper because an individual defendant had been

2  served, defendants agreed to stipulate to remand the action and defense counsel drafted and provided

3  Plaintiffs' counsel with the a proposed stipulation and order for remand.  Plaintiffs counsel, however,

4  requested unreasonable additions to the stipulation, failed to respond to defendants' continued

5  correspondence regarding the  stipulation, and then filed this unncessary Motion to Remand—

6  apparently for the sole purpose of attempting to impose costs and fees on defendants.

7      Moreover, Plaintiffs' counsel clearly engaged in gamesmanship regarding the removal and

8  remand.  He personally served Lt. Ferrando on May 19, 2008, but—despite several conversations and

9  correspondence between the parties regarding removal—waited several weeks, until June 19, 2008 to

10  inform defense counsel that Lt. Ferrando had been served.  Clearly, Plaintiff waited to inform defense

11  counsel that Lt. Ferrando had been served to ensure that Lt. Ferrando would not file a timely joinder

12  in the removal.

13      Accordingly, Plaintiffs' request for attorneys fees and costs should be denied.

14                      **CONCLUSION**

15      For the foregoing reasons, defendants request that the Court deny Plaintiffs' request for

16  attorneys' fees and costs associated with the Motion to Remand.

17

18  Dated:  July 21, 2008

19

20                          DENNIS J. HERRERA
                            City Attorney
                            JOANNE HOEPER
21                          Chief Trial Attorney
                            KIMBERLY A. BLISS
22                          Deputy City Attorney

23

24                      By:  /s/ Kimberly A. Bliss
                            KIMBERLY A. BLISS

25                          Attorneys for Defendants
26                          CITY and COUNTY OF SAN FRANCISCO,
                            HEATHER FONG AND ERNEST FERRANDO

27

28