1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  KIMBERLY A. BLISS, State Bar #207857
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3861
6  Facsimile:    (415) 554-3837
   E-Mail:       kimberly.bliss@sfgov.org
7

8  Attorneys for Defendants CITY AND COUNTY
   OF SAN FRANCISCO, HEATHER FONG AND
9  ERNEST FERRANDO

10

                 UNITED STATES DISTRICT COURT
11

               NORTHERN DISTRICT OF CALIFORNIA
12

13  TELITHA BALL, DESSIA              CASE NO.: 08-2831 MHP
    PATTERSON, a minor, TELITHA
14  PATTERSON, a minor, by and through    **DECLARATION OF KIMBERLY
    their Guardian ad litem, TELITHA BALL,  BLISS IN SUPPORT DEFENDANTS'
15                                       OPPOSITION TO PLAINTIFF'S
          Plaintiffs,                    REQUEST FOR PAYMENT OF COSTS
16                                       AND ATTORNEY FEES RE MOTION
       vs.                               TO REMAND**
17
    CITY AND COUNTY OF SAN
18  FRANCISCO, EARNEST FERRANDO,
    EDWARD YU, MICHAEL BROWNE,       Date:      August 11, 2008
19  JAMERSON PON, JOHN               Time:      2:00 p.m.
    GREENWOOD, DOUGLASS FARMER,      Place:     Crtrm. 15
20  WENDELL JONES, SEAN GRIFFIN,     Judge:     Hon. Marilyn H. Patel
    REESE BURROWS, MICHAEL
21  NELSON, JOHN SYME, DAVID DO,
    KEVIN MURRAY, MATTHEW            Removal Date:   June 6, 2008
22  MASON, KEVIN CHIN, HEATHER       Trial Date:     Not Set
    FONG, and DOES 1 to 30,
23
          Defendants.
24

25  I, KIMBERLY A. BLISS, declare:

26      1.     I am an attorney and counsel of record for defendants City and County of San

27  Francisco (the "City"), Police Chief Heather Fong and Lt. Ernest Ferrando in this action.  The

28

1  following facts are known to me personally, and if called upon as a witness, I would testify to them

2  competently.

3      2.    On June 6, 2008, Defendants City and County of San Francisco (the "City") and

4  Heather Fong (in her official capacity) removed this case to federal court pursuant to 28 U.S.C. §§

5  1331 and 1441(a) & (b), on grounds that the First Amended Complaint stated *federal* claims pursuant

6  to 28 U.S.C. §1983 (for violation of Plaintiffs' federal constitutional rights) and *Monell v. Department*

7  *of Social Services of the City of New York*, 436 U.S. 658 (1978). At the time of removal, Defendants

8  City and Fong believed they were the only defendants to have been served the Summons and First

9  Amended Complaint, and so indicated in their Notice of Removal. (*See* Docket entry No. 1 ["Notice

10  of Removal"].) The removing defendants reasonably believed that they were the only defendants to

11  have been served because—as of the date of removal—none of the individual defendants had

12  informed the SFPD Legal Department that they had received service of the summons and complaint,

13  as they are required to do by the General Orders of the SFPD.

14      3.    On June 10, 2008, I received a letter from Plaintiffs' counsel contending that Police

15  Chief Heather Fong had been served in her individual capacity and that all the individual defendants

16  needed to join in the removal because they were "otherwise in receipt" of the complaint because the

17  City Attorneys' office is sometimes given permission to accept service on behalf of individual

18  officers. (Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' June 10, 2008 letter to

19  me.) I responded the very next day (July 11, 2008), informing Plaintiffs' counsel that Chief Fong had

20  **not** been individually served and that, pursuant to Supreme Court precedent, the other defendants did

21  not need to join in the removal unless they were formally served. (Attached hereto as Exhibit B is a

22  true and correct copy of my June 11, 2008 correspondence to Plaintiff's counsel.) Despite the fact

23  that Plaintiff had not personally served Chief Fong, the Chief authorized me to accept service of the

24  summons and complaint on her in her individual capacity as a professional courtesy to Plaintiffs.

25      4.    On June 11, 2008, Plaintiffs' counsel and I spoke on the phone. He reiterated his

26  position that all defendants needed to join in the removal and that Chief Fong was served in her

27  individual capacity. I disagreed, and wrote a letter on June 11, 2008 confirming our conversation.

28  (Attached hereto as Exhibit C is a true and correct copy of my confirming letter to Plaintiffs' counsel.)

1   At no time during our conversation did Plaintiffs' counsel indicate that he had personally served Lt.

2   Ferrando on May 19, 2008.

3       5.      Despite knowing that Lt. Ferrando had been served on May 19, 2008, Plaintiffs'

4   counsel did not challenge my repeated assertions (in correspondence and on the phone) that none of

5   the individual defendants had been served.  Nor did he file a proof of service indicating that Lt.

6   Ferrando had been served.  Instead, he wrote me a letter on June 19, 2008—one day after the time

7   period for Lt. Ferrando to file a notice of joinder in the removal—to inform me for the first time that

8   Lt. Ferrando had been served and the removal was according procedurally defective.  (Attached

9   hereto as Exhibit D is a true and correct of Plaintiffs' counsel's June 19, 2008 correspondence.)

10      6.      Shortly thereafter, I was able to reach Lt. Ferrando and verify that he had been

11  personally served on May 19, 2008.  Accordingly, on Thursday, June 26, 2008, Lt. Ferrando filed an

12  Answer.  That same day, Plaintiffs' counsel and I met and conferred telephonically regarding the

13  potential remand of this case.  I informed Plaintiffs' counsel that he did not need to file a motion to

14  remand, as the defendants would stipulate to remand.  Accordingly, I drafted a Stipulation and

15  [Proposed] Order to Remand, which was emailed to Plaintiffs' counsel on June 26, 2008.  (Attached

16  hereto as Exhibit E is a true and correct copy of the proposed Stipulation and Order to Remand sent to

17  Plaintiff's counsel.)

18      7.      On June 27, 2008, the parties exchanged a series of emails in which they discussed the

19  substance of the stipulation.  More specifically, Plaintiffs' counsel requested:  1) that Defendants'

20  waive the 30-day limit for filing a Motion to Remand; 2) that the stipulation be changed to reflect that

21  Plaintiffs had served Chief Fong in both her official and individual capacity, but that the Chief did not

22  file a Notice of Joinder in the removal in her individual capacity; and 3) that Defendants represent

23  whether or not it would be proper for the remaining defendants to file Notices of Removal.

24  Defendants refused to make these changes because:  1) there was no need to waive the 30-day limit

25  because the parties were stipulating to remand; 2) Plaintiff was simply factually incorrect that

26  Plaintiffs had served Chief Fong in both her official and individual capacity requiring her to file a

27  notice of joinder in the removal in her individual capacity; and 3) the Stipulation to Remand was not

28  the proper place to indicate whether a future removal (based on unknown facts and circumstances)

DECL. OF K. BLISS ISO OPPOSITION TO MOT.    3    n:\lit\li2008\081285\00497975.doc
USDC CASE NO. 08-2831 MHP

1  would be proper.  (Attached hereto as Exhibit F is a true and correct copy of the email

2  correspondence between myself and Plaintiffs' counsel.)  Nonetheless, I indicated defendants

3  continuing willingness to stipulate to remand.  (*Id.*)

4      8.    Because defendants did not receive a response to their final email on June 27, 2008, I

5  sent an email to Plaintiff's counsel on July 1, 2008 asking for a response and indicating that I would

6  be out of the office July 3-6, 2008.  (*Id.*)  Plaintiffs' counsel never responded to my July 1, 2008 email

7  by phone or correspondence, and instead filed the instant Motion to Remand on July 7, 2008.

8      I declare under penalty of perjury under the laws of the State of California and the United

9  States of America that the foregoing is true and correct.  Executed on July 21, 2008, at San Francisco,

10  California.

11

        /s/ Kimberly A. Bliss_____
        KIMBERLY A. BLISS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**

GREGORY M. HAYNES, Esq.
2443 Fillmore, #194
San Francisco, CA  94115
(415) 546-0777

June 10, 2008

KIMBERLY A. BLISS
1390 MARKET STREET
SIXTH FLOOR
SAN FRANCISCO, CA 94102
OFFICE OF THE CITY ATTORNEY
RE: BALL V. CCSF

Dear Ms. Bliss,

I am in receipt of your notice of removal.  I request that you have Heather Fong answer individually as she was served as such.

Further, the failure to have her join in the removal individually renders the removal procedurally defective as all persons who are served or otherwise receive the complaint and summons must appear and join the removal.

Further, a defendant who did not answer before removal must answer within 20 days of receipt by service or otherwise of the summons and complaint or 5 days after notice of removal. FRCP 81 (c) (2)

In fact, all the defendants in this matter must join the removal notice that have been served or otherwise have received the summons and complaint.   Those who have not been personally served are, in fact, otherwise in receipt as your office accepts such services without process, when it meets the needs of the office of the City Attorney.

Please advise me whether all the defendants in this matter
will join the notice of removal, including Heather Fong,
individually.

Sincerely,

Gregory M. Haynes

P.S, THE LAST DAY to for ALL the defendants
to join was June 6, 2008, GIVING DEFENDANTS THE
BENEFIT of ANY AMBIGUITY, IF ALL DEFENDANTS HAVE
NOT JOINED THE REMOVAL BY JUNE 17, 2008, I WILL EXPECT
DEFENDANTS TO REMAND THE CASE TO STATE COURT.

# EXHIBIT B

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**



CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA
City Attorney

KIMBERLY BLISS
Deputy City Attorney

DIRECT DIAL: (415) 554-3861
E-MAIL:    kimberly.bliss@sfgov.org

June 11, 2008

Gregory M. Haynes, Esq.
2443 Fillmore, #194
San Francisco, CA 94115

**Via U.S. Mail and Facsimile: (650) 755-1563**

Re:    *Ball et al. v. CCSF et al.*; U.S. Dist. Ct. Case No. C 08-02831 EMC

Dear Mr. Haynes:

I write in response to your letter of June 10, 2008, requesting that: 1) "Heather Fong answer individually as she was served as such"; and 2) "all the defendants in this matter . . . join the notice of removal." You are incorrect on both accounts.

It is my understanding that Chief Fong has not been served individually, but rather, that a copy of the summons and complaint (but not the required state court-issued notices) were left with the front desk of the Legal division of the SFPD. That office has no authority to accept service on behalf of City employees sued in their individual—as opposed to official—capacities. Instead, City employees, including the Chief, are entitled to personal service pursuant to C.C.P. § 415.50. I know of no other service on Chief Fong, and no proof of service indicating personal service on Chief Fong was filed with the state court prior to removal.

Nonetheless, I now represent Chief Fong for purposes of this action, and as a professional courtesy to you and your clients, am now authorized to accept service on her in her individual capacity, effective today. You do not need to send me additional copies of the summons or First Amended Complaint. We will timely file an answer on behalf of Chief Fong in her individual capacity.

As for your contention that the other individual defendants (or even Chief Fong in her individual capacity) need to join in the notice of removal, you are simply incorrect. As you know, unserved defendants need not join in a notice of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Your letter concedes that the remaining individual defendants have not been served, but contends that they are "otherwise in receipt" of the complaint because this office sometimes accepts service on behalf of City employees "when it meets the needs of the City Attorney." You are wrong both legally and factually, and you provide no authority to support your position.

First, the Supreme Court has specifically held that a defendant must be formally served to trigger the deadline to remove. *See, e.g., Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service"). Second, as a courtesy to plaintiffs and their counsel, this office will sometimes accept individual service *when an officer or employee who we represent specifically authorizes us to accept service on his or her behalf*—as we are now doing on behalf of Chief Fong. The individual officers in this case have not been served, and I

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102
RECEPTION: (415) 554-3800 Facsimile: (415) 554-3837

n:\lit\li2008\081285\00489912.doc

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Gregory M. Haynes, Esq.
2443 Fillmore, #194
San Francisco, CA 94115
Page 2
June 11, 2008

am not authorized to accept service on their behalf.  Accordingly, they need not join in the
removal.

Very truly yours,

DENNIS J. HERRERA
City Attorney

Kimberly Bliss
Deputy City Attorney

# EXHIBIT C

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**



CITY AND COUNTY OF SAN FRANCISCO                     OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA                                    KIMBERLY BLISS
City Attorney                                        Deputy City Attorney

                                                     DIRECT DIAL: (415) 554-3861
                                                     E-MAIL:    kimberly.bliss@sfgov.org

                                                     June 11, 2008

Gregory M. Haynes, Esq.
2443 Fillmore, #194
San Francisco, CA 94115

     Re:    *Ball et al. v. CCSF et al.*; U.S. Dist. Ct. Case No. C 08-02831 EMC

Dear Mr. Haynes:

     I write to confirm our conversation of this morning.

     I called you in response to a voicemail in which you asked me to file answers on behalf
of all defendants in order to avoid a potential remand issue. I informed you that I do not yet
represent the individual defendants, and accordingly do not have authority to accept service on
their behalf or make an appearance on their behalf. The individual defendants are entitled to
service in compliance with Fed. R. Civ. Pro. 4, and because they were not served before removal,
there is no basis for a motion to remand.

     Your voicemail also indicated your belief that Chief Fong must file a joinder in the
Notice of Removal in her individual capacity. That is incorrect. Ms. Fong was not served with
the complaint in her individual capacity until I was authorized to accept service on her behalf on
June 11, 2008. Accordingly, she did not need to join in the notice of removal in her individual
capacity, and does not need to now. Only defendants who have been *properly served* need to
join or provide consent to removal. *See, e.g., Murphy Bros., Inc. v. Michetle Pipe Stringing, Inc.*,
526 U.S. 344, 347-48 (1999); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.
1988); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 2007 WL 4357751 (D.Ariz. Dec. 11,
2007) ("in order for a defendant's consent to removal to be required, the defendant must have
been properly served with process *prior to the filing* of the notice of removal") (emphasis added)
(quotations and citations omitted).

                              Very truly yours,

                              DENNIS J. HERRERA
                              City Attorney

                              Kimberly Bliss
                              Deputy City Attorney

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102
RECEPTION: (415) 554-3800FACSIMILE: (415) 554-3837

n:\lit\li2008\081285\00490259.doc

# EXHIBIT D

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**

GREGORY M. HAYNES, Esq.
2443 Fillmore, #194
San Francisco, CA  94115
(415) 546-0777

June 19, 2008

KIMBERLY A. BLISS
1390 MARKET STREET
SIXTH FLOOR
SAN FRANCISCO, CA 94102
OFFICE OF THE CITY ATTORNEY

RE: BALL V. CCSF

Dear Ms. Bliss,

I left a message on your phone message service advising you of the defective removal.

All of the defendants who have been served with the summons and complaint or otherwise have received the summons and complaint have not joined in the removal.

This includes both  Heather Fong as well as the  Earnest Ferrando.  Mr. Ferrando was served personally on May 19, 2008 at 850 Bryant Street, San Francisco.

He had until May 18, 2008 to join the removal.  He has not.  Therefore, the removal is defective as all persons who where served  (including Mr. Ferrando) or who have otherwise received the summons and complaint have not jointed the removal.

As I indicated to you on the phone message, if your office does not agree to remand by Monday, June 23, 2008, I will file a motion to remand, where the court may award costs and attorney fees for  the procedurally defective remand.

Please let me know as soon as possible, whether your office will agreed to remand and no later than June 23, 2008 by 5:00p.m.

Thank your for your cooperation in this matter.

Sincerely,

Gregory M. Haynes

# EXHIBIT E

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   KIMBERLY A. BLISS, State Bar #207857
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3861
6   Facsimile:    (415) 554-3837
    E-Mail:       kimberly.bliss@sfgov.org
7
8   Attorneys for Defendants CITY AND COUNTY
    OF SAN FRANCISCO, HEATHER FONG AND
9   ERNEST FERRANDO

10  GREGORY M. HAYNES, ESQ., State Bar #111574
    2443 Fillmore, #194
11  San Francisco, CA 94115
    (415) 546-0777
12
    Attorneys for Plaintiffs TELITHA BALL, DESSIA
13  PATTERSON AND TELITHA PATTERSON

14                 UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16  TELITHA BALL, DESSIA                    CASE NO.: 08-2831 MHP
    PATTERSON, a minor, TELITHA
17  PATTERSON, a minor, by and through      **STIPULATION AND [PROPOSED]**
    their Guardian ad litem, TELITHA BALL,  **ORDER FOR REMAND**
18
19              Plaintiffs,
20          vs.                             Trial Date:        Not Set

21  CITY AND COUNTY OF SAN
    FRANCISCO, EARNEST FERRANDO,
22  EDWARD YU, MICHAEL BROWNE,
    JAMERSON PON, JOHN
23  GREENWOOD, DOUGLASS FARMER,
    WENDELL JONES, SEAN GRIFFIN,
24  REESE BURROWS, MICHAEL
    NELSON, JOHN SYME, DAVID DO,
25  KEVIN MURRAY, MATTHEW
    MASON, KEVIN CHIN, HEATHER
26  FONG, and DOES 1 to 30,

27              Defendants.

28

STIPULATION AND [PROP.] ORDER TO REMAND          1          n:\lit\li2008\081285\00493292.doc
USDC CASE NO. 08-2831 MHP

1

## RECITALS

2    1.    On February 20, 2008, plaintiffs filed a complaint in the Superior Court in and for the

3  City and County of San Francisco, Case No. 08-472360 (the "State Court Case"). No summons was

4  issued and such complaint was not served on defendants.

5    2.    On February 21, 2008, plaintiffs Telitha Ball, Dessia Patterson, a minor, and Telitha

6  Patterson, a minor, by and through their guardian ad litem Telitha Ball, filed a First Amended

7  Complaint against defendants City and County of San Francisco, Earnest Ferrando, Edward Yu,

8  Michael Browne, Jamerson Pon, John Greenwood, Douglass Farmer, Wendell Jones, Sean Griffin,

9  Reese Burrows, Michael Nelson, John Syme, David Do, Kevin Murray, Matthew Mason, Kevin

10  Chin, Heather Fong and Does 1 to 30, in the State Court Case.

11    3.    On June 6, 2008, Defendants City and County of San Francisco (the "City") and

12  Heather Fong (in her individual capacity) removed this case to federal court pursuant to 28 U.S.C. §§

13  1331 and 1441(a) & (b), on grounds that the First Amended Complaint stated *federal* claims pursuant

14  to 28 U.S.C. §1983 (for violation of Plaintiffs' federal constitutional rights) and *Monell v. Department*

15  *of Social Services of the City of New York*, 436 U.S. 658 (1978). At the time of removal, Defendants

16  City and Fong believed they were the only defendants to have been served the Summons and First

17  Amended Complaint.

18    4.    Defendants have since learned that Defendant Ernest Ferrando was personally served

19  the summons and complaint on May 19, 2008. Defendant Ferrando was accordingly required to file a

20  consent to the removal pursuant to 28 U.S.C. §1446, but did not do so.

21    5.    Accordingly, the parties agree that this action should be remanded to state court, and

22  ask the Court to execute the following order remanding the matter to state court pursuant to 28 U.S.C.

23  §1447.

24

25

26

27

28

1

## STIPULATION

2      For the foregoing reasons, the parties, through their undersigned counsel, stipulate and agree

3  to entry of an order remanding this matter to the Superior Court of the State of California for the

4  County of San Francisco.

5

6  Dated:  June 27, 2008

7                             DENNIS J. HERRERA
                               City Attorney

8                             JOANNE HOEPER
                               Chief Trial Deputy

9                             KIMBERLY A. BLISS
                               Deputy City Attorney

10

11

                           By:_____/s/_____

12                             KIMBERLY A. BLISS

13                           Attorneys for Defendants CITY AND COUNTY OF
                           SAN FRANCISCO, HEATHER FONG AND ERNEST

14                           FERRANDO

15

16  Dated:  June 27, 2008

17                           GREGORY M. HAYNES, ESQ.

18

19                           By:_____/s/_____
                             GREGORY M. HAYNES*

20                           Attorney for Plaintiffs TELITHA BALL, DESSIA
                           PATTERSON AND TELITHA PATTERSON

21

22                           *The filer of this document attests that concurrence in
                           the filing of this document has been obtained.

23

24

25

26

27

28

## ORDER

GOOD CAUSE appearing therefore, it is HEREBY ORDERED pursuant to 28 U.S.C. §1447 that this action is remanded to the Superior Court of the State of California for the County of San Francisco.

IT IS SO ORDERED.

Dated: _____

_____
THE HONORABLE MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

**DECLARATION OF KIMBERLY BLISS IN SUPPORT DEFENDANTS'
OPPOSITION TO PLAINTIFF'S REQUEST FOR PAYMENT OF COSTS AND
ATTORNEY FEES RE MOTION TO REMAND**

Kimberly Bliss/CTYATT
07/01/2008 10:39 AM

To  Kimberly Bliss/CTYATT@CTYATT

cc  Gregory Haynes <gregorymhaynes@yahoo.com>

bcc

Subject  Re: Ball Stipulation📄

Mr. Haynes,

I have not received a response to my email below or an indication of whether or not you want me to file the Stipulation
requesting remand.

Please be aware that I will be out of the office July 3-6, 2008 without access to email.  Accordingly, it would be helpful to hear from you before the end of business on Wednesday, July 2, 2008, so we can be sure to get the stipulation e-filed on or before July 7, 2008.

Yours,

Kimberly A. Bliss
Deputy City Attorney
Office of the City Attorney Dennis J. Herrera
Tel.: 415.554.3861
Fax: 415.554.3837
Email: kimberly.bliss@sfgov.org
Kimberly Bliss/CTYATT

Kimberly Bliss/CTYATT
06/27/2008 01:19 PM

To  Gregory Haynes <gregorymhaynes@yahoo.com>@SFGOV

cc

Subject  Re: Ball Stipulation📄

Mr. Haynes,

I write in response to your email below, which is virtually word for word the same email as the one I already received and responded to this morning.  I will not address your requests to change the stipulation again.  I have adequately addressed your "three points" in my response to you prior email.

I do write, however, to respond to your new assertion that I "have indicated that if federal court jurisdiction is accepted by plaintiff, then you will accept service on behalf of the other defendants."  As I mentioned, the remaining individual defendants (excluding Lt. Ferrando, who filed an answer in federal court yesterday), have given me authority to accept service and make an appearance on their behalf only in the event Plaintiffs waive their right to seek a remand based on any procedural inadequacies in the removal process.  I do not otherwise have authority to accept service on their behalf.

Yours,

Kimberly A. Bliss
Deputy City Attorney
Office of the City Attorney Dennis J. Herrera
Tel.: 415.554.3861
Fax: 415.554.3837

Email: kimberly.bliss@sfgov.org
Gregory Haynes <gregorymhaynes@yahoo.com>



Gregory Haynes
<gregorymhaynes@yahoo.co
m>                                          To    Kimberly Bliss <Kimberly.Bliss@sfgov.org>
06/27/2008 01:07 PM                         cc
                                       Subject    Re: Ball Stipulation

June 20, 2008
Dear Ms. Bliss,
I would like to address several points.
First, please indicate that you waive the failure to file motion for remand
within 30 days.
Second, paragraphs 2 and 3 should be changed to note that 1) process was
issued and defendants were served--the city and Fong 2) Fong removed, not
in her personal capacity but only in her official capaicty, and has has never
joined the petition for removal in her personal capacity.
And third, please indicate whether you believe it is proper file a notice of
removal for other defendants. I do not believe it is and do not want to have
to incur costs all over again.
       You have indicated that if federal court juisdiciton is accepted by
plaintiffs, then you will accept service on behalf of the other defendants.

Sincerely,


Gregory M. Haynes

----- Original Message -----
From: Kimberly Bliss <Kimberly.Bliss@sfgov.org>
To: g.m.haynes@sbcglobal.net; gregorymhaynes@yahoo.com
Sent: Thursday, June 26, 2008 3:58:12 PM
Subject: Ball Stipulation


Counsel,

Please find attached a draft Stipulation and [Proposed] Order to Remand as we discussed on the phone.

As you requested, I have also left a hard copy of this draft stipulation at our reception desk, located at Fox Plaza, 1390 Market Street, **Seventh Floor**. It is in a manila envelope with your name clearly marked on it.

Please let me know as soon as possible if the draft stipulation meets with your approval. Once I have your consent to do so, we will have the stipulation and order e-filed with the Court.

As I told you on the phone yesterday, I do not have authority to accept service on behalf of the remaining officer defendants. You will have to serve them in accordance with the applicable rules of Civil Procedure after remand.

Yours,

Kimberly A. Bliss
Deputy City Attorney
Office of the City Attorney Dennis J. Herrera
Tel.: 415.554.3861
Fax: 415.554.3837
Email: kimberly.bliss@sfgov.org

| | |
|---|---|
| **Kimberly Bliss/CTYATT**<br>06/27/2008 11:59 AM | To  Gregory Haynes <gregorymhaynes@yahoo.com>@SFGOV<br>cc<br>bcc<br>Subject  Re: Ball Stipulation |

Mr. Haynes,

I write in response to your email below, dated June 20, 2007, but sent to me on June 27, 2008.

I do not understand the need for any of your requested changes.

First, there is no need to "waive" the 30-day deadline for a motion to remand, since no motion will be necessary. We are stipulating to remand and the stipulation will be filed before the end of the 30-day period (which expires on July 7, 2008).

Second, you are wrong. As I have told you before, Chief Fong was not served in her individual capacity prior to the removal, and accordingly did not need to file a joinder. You have provided me with absolutely no information (much less a proof of service) to indicate otherwise. Also, paragraph 3 already indicates that the City and Chief Fong (in her official capacity) were served with the summons and the FAC, so I do not understand your request to add additional language on this issue.

Third, this stipulation is not the proper place to indicate whether or not a future removal would be proper.

The defendants remain willing to stipulate to a remand, but cannot include language that misrepresents the facts or is not necessary to the stipulation. Please let me know at your earliest convenience if you agree to the e-filing of the stipulation as it stands, so we can be sure to have it e-filed on or before July 7, 2008.

Yours,

Kimberly A. Bliss
Deputy City Attorney
Office of the City Attorney Dennis J. Herrera
Tel.: 415.554.3861
Fax: 415.554.3837
Email: kimberly.bliss@sfgov.org
Gregory Haynes <gregorymhaynes@yahoo.com>

| | |
|---|---|
|  **Gregory Haynes**<br>**<gregorymhaynes@yahoo.com>**<br>06/27/2008 11:33 AM | To  Kimberly Bliss <Kimberly.Bliss@sfgov.org><br>cc<br>Subject  Re: Ball Stipulation |

June 20, 2008
Dear Ms. Bliss,
I would like to address several points.
First, please indicate that you waive the failure to file motion for remand

within 30 days.

Second, paragraphs 2 and  3 should be changed to note that 1) process was issued and defendants were served--the city and fond 2) Fong removed, not in her personal capacity but only in her official capaicty, has has never joined the petition for removal in her personal capacity.

And third, please indicate whether you believe it is proper file a notice of removal for other defendants.  I do not believe it is and do not want to have to incur costs all over again.

Sincerely,

Gregory M. Haynes


----- Original Message ----
From: Kimberly Bliss <Kimberly.Bliss@sfgov.org>
To: g.m.haynes@sbcglobal.net; gregorymhaynes@yahoo.com
Sent: Thursday, June 26, 2008 2:58:12 PM
Subject: Ball Stipulation


Counsel,

Please find attached a draft Stipulation and [Proposed] Order to Remand as we discussed on the phone. As you requested, I have also left a hard copy of this draft stipulation at our reception desk, located at Fox Plaza, 1390 Market Street, **Seventh Floor**.  It is in a manila envelope with your name clearly marked on it.

Please let me know as soon as possible if the draft stipulation meets with your approval.  Once I have your consent to do so, we will have the stipulation and order e-filed with the Court.

As I told you on the phone yesterday, I do not have authority to accept service on behalf of the remaining officer defendants.  You will have to serve them in accordance with the applicable rules of Civil Procedure after remand.

Yours,

Kimberly A. Bliss
Deputy City Attorney
Office of the City Attorney Dennis J. Herrera
Tel.: 415.554.3861
Fax: 415.554.3837
Email:  kimberly.bliss@sfgov.org