Gregory M. Haynes, Esq.
SBN: 111574
2443 Fillmore, #194
San Francisco, CA 94115
 (415) 546-0777

Attorney for Plaintiffs
 Telitha Ball, et. al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Telitha Ball, et. al.,
      Plaintiffs

Action No. 08-02831-MHP

Reply to Opposition to
Motion to remand and
Order for payment of Costs
 And attorney fees

 City and County of             DATE:  Aug 11, 2008
San Francisco, et al.           TIME:   2:00p.m.
       Defendants                PLACE: Courtroom 15
                                Judge:
                                Hon. Marilyn H. Patel
_____/

        Defendants concede that the matter should be remanded and object to costs and attorney fees being imposed.
        Costs and attorney fees should be imposed  as the removal  was unreasonable and defendants' refusal to waive the 30 day  time period to file a motion to remand and at the same time insist on a factually incorrect stipulation, was unreasonable.

1

Without the waiver, the motion to remand would be waived due to defendants clearly and demonstrably unreasonable position regarding the stipulation.

I

**Removal Unreasonable**

The removal was unreasonable as 1) there was no attempt to verify or contact the other defendants, including Earnest Ferrando, to determine whether they had been served, as the law requires all served defendants to join in the complaint; and 2) while Fong was served, she did not join the removal, arguing she was sued in her official capacity, where clearly established law provides she used in her individual capacity. See <u>Romano v. Bible</u> (9th Cir 1999) 169 F3d 1182, 1186

The defendant City and County of San Francisco, Heather Fong and Earnest Ferrando were served prior to the removal.

The removal was by the City and County of San Francisco and Heather Fong in her official capacity.

Earnest Ferrando did not join the notice for removal.

**Further, Heather Fong, in her individual capacity does not join the removal.**

The notice of removal does not indicate why all the defendants have not joined the petition.

Accordingly, the notice of removal was defective and unreasonable.

Further, defendants argument that it was reasonable to make no inquires as to whether the defendants were served, is unreasonable.

Also, the defendant's refusal to even have the Heather Fong join the notice of removal is also unreasonable, as she was served and she is sued in her individual capacity.  While the law provides that if there is any doubt of the capacity in which a person is sued—individual or official capacity-- , the law provides that it is assumed that it is the  individual capacity. <u>Romano v. Bible</u> (9th Cir 1999) 169 F3d 1182, 1186

Also, the defendants could, and should  have made inquiries as was to whether the defendants had been served.  Rather, defendants took the unreasonable position of  viewing the case in the narrowest form. It made no inquiries as to who had been served; and, viewed the service in the narrowly:  Arguing, for example, that Fong was served in her official capacity with no legal or factual support therefore.

Here, defendants had no objectively reasonable basis for believing that all necessary parties to the removal had joined, clearly contrary to clearly established law.

## II

**Failure To Waive the 30 day limit to Remand
Was Unreasonable and the cause of the
Necessity of filing the Motion to Remand**

The unreasonable conduct of the defendants is highlighted by plaintiffs attempt to have the matter remanded to state court, by stipulation.

First, the defendants insist on having information in the stipulation which is not true. Paragraph 3 of the stipulation provides that Fong removed in her "individual capacity" See Exhibit E of the declaration of Kimberly Bliss.

Clearly, Fong did not remove in her individual capacity. Even defendants now concede in their opposition papers that Fong removed "in her official capacity" See page 5 of opposition.

While plaintiffs attempted to have this corrected in an e-mail to defense counsel received on June 27, 2008, defense counsel refused to correct the same in a return e-mail on June 27, 2008. See Exhibit F of the declaration of Kimberly Bliss

Further, since defense counsel was going to be unavailable within the next few days, plaintiffs wanted a commitment from defense counsel that it would waive the 30 day limit on filing a motion to remand, while the stipulation was agreed upon.

Thus, if defendants somehow refused to make the reasonable changes which were recommended, plaintiffs

4

would still be able to file a motion to remand, as it did.

Had the waiver been granted, then there would be no need to file a motion, as the stipulation could be finalized when defense counsel returned from her vacation.

**In defendants' opposition, they offer no explanation was they could not waive the 30 day time limit to file the motion for remand**. Without it, plaintiffs would be forced to sign a stipulation which was inaccurate or waive the remand motion.  Plaintiff was also concerned about future attempts to removal and therefore was concerned about the stated facts in the stipulation.

Defendants forced plaintiffs to file the motion for remand by 1) unreasonably removing the matter and then unreasonably agreeing  to waive time to remand in order to stipulate that the matter should be remanded.

III

**Conclusion**

Based on the above, this court should remand the matter to state court and award plaintiffs' reasonable costs and attorney fees.


DATED:                     _____
                            Gregory M. Haynes
                             Attorney for Plaintiffs