United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELITHA BALL, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>　　　　　Defendants.　　　　　　　　／ | No. C 08-02831 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion to Remand; Motion for Attorneys' Fees** |

　　　　Plaintiffs filed the instant action in the California Superior Court for the County of San Francisco on February 20, 2008. Certain defendants, including the City and County of San Francisco, removed the action to this court on June 6, 2008 based on an erroneous belief that they were the only defendants to have been served the summons and complaint. The removing defendants believed so because, as of the date of removal, none of the individual defendants, who are police officers in the San Francisco Police Department, had informed their legal department that they had been served a summons and complaint in this action. In spite of repeated communications between the parties after the removal, plaintiffs' counsel did not inform defendants' counsel until June 19, 2008 that another defendant, Lieutenant Fernando, had also been served. Bliss Dec, ¶¶ 3–5, Exh. D. The timing of this disclosure seems to be designed to cause a procedural flaw in defendants' removal. Specifically, Lieutenant Fernando was served on May 18, 2008 and although plaintiffs were aware of this fact, they nevertheless failed to file a proof of service or inform the removing defendants until June 19, 2008, one day after the thirty-day limit for Lieutenant Fernando

to remove the action to this court. When defendants were made aware that Lieutenant Fernando had also been served, they agreed to stipulate to the remand. Id., Exhs. E & F. Thereafter, the parties were unable to reach an agreement as to the terms of the stipulation. The court finds nothing unreasonable about defendants' behavior and consequently, finds no basis for an award of attorneys' fees under 28 U.S.C. section 1447(c). See Martin v. Franklin Capitol Corp., 546 U.S. 132, 141 (2005) ("when an objectively reasonable basis exists [for removal], [attorneys'] fees should be denied."). Plaintiffs citation to Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999), is inapposite—it speaks to absolute immunity for governmental agents, not reasonableness of removal or attorneys' fees.

Since the parties were unable to agree upon the stipulation regarding remand, plaintiffs filed a motion to remand on July 3, 2008. See Docket No. 10. Plaintiffs now seek attorneys' fees associated with the motion to remand. They argue that they were forced to file a motion to remand because defendants unreasonably failed to stipulate to the remand. However, it was plaintiffs that stopped responding to defendants' e-mails regarding the stipulation. Id., Exh. F. The court has reviewed the proposed stipulation and finds nothing unreasonable about defendants' positions or the draft stipulation. Id., Exhs. E & F. Plaintiffs' insistence that three of their demands be addressed in the stipulation to remand are what caused the breakdown in communications. Id., Exh. F. Indeed, it was plaintiffs that refused to respond after June 27, 2008. Further, defendants' unreasonable behavior, if any, with respect to the stipulation does not affect whether they were unreasonable when initially removing the action to this court.

In sum, the motion to remand is GRANTED and the motion for attorneys' fees is DENIED. The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court for the County of San Francisco.

IT IS SO ORDERED.

Dated: July 31, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California